1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL HARPER,

11            Plaintiff,                    No. CIV S-08-2526 GGH P

12       vs.

13   K. MORGAN,

14            Defendant.                    <u>ORDER</u>

15   _____/

16          Plaintiff is a prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C.

17   § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

18   This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

24   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

25   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

26   month's income credited to plaintiff's trust account.  These payments shall be collected and

1   forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

2   account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief

4   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

6   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

7   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

8   U.S.C. § 1915A(b)(1),(2).

9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

11  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16         A complaint must contain more than a "formulaic recitation of the elements of a

17  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

18  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

19  "The pleading must contain something more...than...a statement of facts that merely creates a

20  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

21  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this

22  standard, the court must accept as true the allegations of the complaint in question, Hospital

23  Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

24  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.

25  McKeithen, 395 U.S. 411, 421 (1969).

26  /////

2

On November 6, 2008, plaintiff filed an amended complaint.  Accordingly, the court will screen the amended complaint. Fed. R. Civ. P. 15.  The only named defendant is K. Morgan.  Plaintiff alleges that on January 21, 2008, defendant Morgan searched his cell. Defendant Morgan told plaintiff that he would have to either donate his television or mail it home.  Plaintiff told defendant that he wanted the television mailed home.  Plaintiff alleges that as of October 27, 2008, his family has not received the television.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff is alleging that his television was not disposed of in accordance with the regulations.  In other words, plaintiff is claiming that had defendant followed the proper procedures, then the television would have been sent to plaintiff's family. These allegations suggest that the deprivation was not authorized, i.e. that plaintiff was not deprived of his television pursuant to a policy, but that he was deprived of his television as a result of a failure to follow a policy.

The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.  The court concludes that this claim must,

3

1    therefore, be dismissed as frivolous.  See 28 U.S.C. § 1915(d).

2           In the event the court has misunderstood plaintiff's allegations, he is granted leave

3    to amend.

4           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

6    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

7    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

8    there is some affirmative link or connection between a defendant's actions and the claimed

9    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

10   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

11   allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

12   of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

15   amended complaint be complete in itself without reference to any prior pleading.  This is

16   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

17   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

18   pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

19   original complaint, each claim and the involvement of each defendant must be sufficiently

20   alleged.

21          In accordance with the above, IT IS HEREBY ORDERED that:

22          1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

23          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

24   The fee shall be collected and paid in accordance with this court's order to the Sacramento

25   County Sheriff filed concurrently herewith.

26

1    3.  The complaint is dismissed for the reasons discussed above, with leave to file

2  an amended complaint within thirty days from the date of service of this order.  Failure to file an

3  amended complaint will result in a recommendation that the action be dismissed.

4  DATED: January 26, 2009

5

6                                                 /s/ Gregory G. Hollows

                                              _____
7  har2526.b                                  UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26