IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HARPER,

      Plaintiff,                     No. CIV S-08-2526 GGH P

   vs.

K. MORGAN,

      Defendant.               ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On January 26, 2009, the court dismissed the amended complaint with leave to amend. Pending before the court is the second amended complaint filed May 19, 2009. For the following reasons, this action is dismissed.

       The only named defendant is Correctional Officer Morgan. Plaintiff alleges that on January 21, 2008, defendant Morgan searched his cell. After searching the cell, defendant Morgan determined that plaintiff could not have his television because it had been altered by a piece of string used to hold up the speaker. Defendant Morgan told plaintiff that he could either send the television home or donate it. Plaintiff told defendant that he wanted to send it home. Defendant Morgan then prepared the paperwork to have the television sent to plaintiff's grandmother.

1 Approximately two weeks later, plaintiff's grandmother told plaintiff that him that
2 she had not received the television.  Plaintiff then asked defendant Morgan what happened to the
3 television.  Defendant Morgan told plaintiff that he should ask Receiving and Release because
4 that is where he brought the television.

5 Plaintiff alleges that defendant Morgan's failure to make sure that his television
6 was sent to his grandmother violated his constitutional rights.

7 The United States Supreme Court has held that "an unauthorized intentional
8 deprivation of property by a state employee does not constitute a violation of the procedural
9 requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
10 postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).
11 Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
12 deprivations constitute actionable violations of the Due Process Clause.  An authorized
13 deprivation is one carried out pursuant to established state procedures, regulations, or statutes.
14 Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of
15 Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The California Legislature has provided a
16 remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

17 In the instant case, plaintiff has not alleged any facts suggesting that the
18 deprivation was intentional.  At best, plaintiff's claims suggest that defendant Morgan acted
19 negligently.  Because plaintiff has not stated a colorable claim, this action is dismissed.  See
20 Daniels v. Williams, 474 U.S. 327, 330-31, 106 S.Ct. 662 (1986) (plaintiff must plead more than
21 mere negligence in a 42 U.S.C. § 1983 action).

22 Accordingly, IT IS HEREBY ORDERED that this action is dismissed.
23 DATED:   June 15, 2009

25 ha2526.56

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE